Pearson, J.
As the arrest in this case was made within twenty days of the January Term, the bond ought “to have been conditioned” for the debtor’s appearance at April Term. This provision is made for the benefit of the debtor, to enable him to prepare his schedule and to give notice to all of his creditors. We can see no rea-spn why this, like other benefits given by law, may not be waived, if the party see fit to do so. In this case, it •vvas agreed, that, if permitted to go at large until Court, hs wpuld then execute “the bondby which, we understand, the bond in question, dated as of December 1st, 1848, and reciting, that he was then arrested. This being voluntarily done, the party must abide by it. If the officer, upon arresting the debtor thirteen days before January Court, had refused to take a bond for his appearance at April Term, and insisted upon holding the debtor in custody, unless he would execute a bond, dated 1st of December, and for his appearance at January Term, the bond, so executed, would have been void, as obtained by duress. But in this case, the bond was given, after the debtor was out of custody, in pursuance of an arrangement, entered into at his instance.
' Bail bonds are required to be taken in a particular form., by the statute of 23. II. 6, ch. 9 : and the statute de-' *333 dares that all bonds not taken in that form shall be void. There is no provision of the kind in reference to a ca. sa. bond taken by a constable. The debtor is left to his remedy, by motion at the appearance Term, to set aside the bond, if taken contrary to law, by duress or otherwise, and has his action against the officer ; but the Court ought not to set aside a bond, voluntarily given, in pursuance of an express arrangement, made for his ease and favor.
Per Curiam. Judgment affirmed.